**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAMAR OWENS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| RYAN DILL and J. GOLDSTEIN, | : |
| | : |
| Defendants. | : |

Civ. No. 24-09541 (JKS-JBC)

**MEMORANDUM OPINION**

**IT APPEARING THAT:**

1.      On or about September 30, 2024, Plaintiff Damar Owens, an inmate then confined at the Monmouth County Correctional Institute ("MCCI"), in Freehold, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).[1] Plaintiff also filed an application to proceed *in forma pauperis* ("IFP application") (ECF Nos. 1-2 and 1-3).  Plaintiff's IFP application establishes his financial eligibility proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a), and it will be granted.

2.      Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.*

---

[1] Plaintiff has sent a letter to this Court informing the Court of his new mailing address and that he is no longer in custody at MCCI (ECF. No. 3).

*Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 [3d Cir. 2000]).

3.      In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.  Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5.      Plaintiff, who appears to have been a pretrial detainee at the time of filing the complaint, brings suit against Officers J. Goldstein and Ryan Dill of Monmouth County Sheriff's Office.  This Court liberally construes the claims against the officers as brought against them in their personal capacities for damages.

6.      Plaintiff alleges the following facts in support of his Fourteenth Amendment due process claim under 42 U.S.C. § 1983. On or about June 11, 2024, at around 12:00 p.m., Defendants placed him in an isolated confinement cell for "disciplinary reasons." (ECF No. 1 at 4). Plaintiff claims that he did not leave isolated confinement until July 8, 2024 – twenty-seven consecutive days after he entered the isolated confinement cell – in violation of the New Jersey Isolated Confinement Restriction Act (N.J. Stat. Ann. § 30:4-82.5 to -82.11), because his isolated confinement was longer than the statutory twenty-day limit.  Plaintiff alleges Officer Dill tried to "bypass" the statutory restriction by noting in the computer that Plaintiff was in protective custody, but Plaintiff was never moved to the protective custody unit.

7.      For a pretrial detainee to state a substantive due process violation under the Fourteenth Amendment, he must allege his disciplinary confinement was an excessive response to legitimate internal security concerns of the detention facility.  *See Steele v. Cicchi*, 855 F.3d 494 (3rd Cir. 2017) (placing pretrial detainee in solitary confinement for "internal security reasons" stemming from "in-facility conduct that could warrant disciplinary action" did not violate substantive due process rights). Plaintiff has not alleged how his 27 days in disciplinary confinement was excessive in light of the internal security concerns of MCCI.  Indeed, Plaintiff has not described the reason or circumstances surrounding his placement in disciplinary

confinement. Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment due process claim without prejudice. Plaintiff will be granted leave to amend his complaint to allege additional facts in support of his Fourteenth Amendment claim.

8.      Liberally construing the complaint, Plaintiff may also be asserting a violation of the New Jersey Isolated Confinement Restriction Act.[2] Upon dismissal of the only federal claim alleged in the complaint, this Court lacks jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(c). If Plaintiff submits an amended complaint that states a federal claim, he may assert a properly joined state law claim.

9.      In conclusion, this Court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).


An appropriate order follows.


Dated: March 12, 2025

                                    /s/    Jamel    K.    Semper,    U.S.D.J.
                                    Hon. Jamel K. Semper,
                                    United States District Judge

---

[2] Because this Court lacks jurisdiction over the state law claims at this time, and it is unclear whether Plaintiff is alleging a claim under the New Jersey Isolated Confinement Restriction Act ("the Act"), this Court has not determined whether the Act creates a private right of action.